IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

RICKY D. SUTTON, )
 )
      Petitioner, ) Case No. 03-871-HO
 )
      v. ) ORDER
 )
JEAN HILL, )
 )
      Respondent. )
_____ )

Petitioner brings this proceeding for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his convictions for sodomy and sex abuse. Petitioner alleges the following grounds for relief:

<u>Ground One Ineffective Assistance of Trial Counsel</u>

1(a) Trial counsel failed to interview and subpoena and/or call witnesses;

1(b) Trial counsel only talked, by phone, with petitioner on three occasions before trial;

1 - ORDER

1(c) Trial counsel failed to appear at the preliminary hearing;

1(d) Trial counsel presumed to act on behalf of petitioner without consent or lawful authority;

1(e) Trial counsel failed to inform plaintiff that counsel was under investigation by the Oregon Bar;

1(f) Trial Counsel failed to call a doctor relating to the victims failure to show any physical evidence and other experts to show the victim was influenced by an allergic reaction to drugs;

1(g) Trial counsel failed to inform himself of the facts of the case or the applicable law; and

1(h) Trial counsel failed to attack the introduction of prior bad acts.

Ground Two Ineffective Assistance of Appellate Counsel

2(a) Appellate counsel failed to raise the above errors on appeal;

2(b) Appellate counsel failed to timely file a petition for state supreme court review; and

2(c) Appellate counsel failed to put forth other unidentified issues raised by petitioner.

## Ground Three Due Process Violation

3(a) The trial court proceeded to trial without proper arraignment or plea and failed to advise petitioner of his rights; and

3(b) The trial court denied petitioner's attorney the right to further extensions of time to prepare for trial knowing the attorney was overburdened by other cases.

## DISCUSSION

Respondent contends that most of the claims are procedurally defaulted, the decision of the state post-conviction court is entitled to deference and that the claims lack merit.

### A. Procedural Default

Section 2254(a) allows federal courts to entertain an application for habeas relief by a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Among the obstacles a federal habeas corpus petitioner must face are the distinct doctrines of "exhaustion of state remedies" and "procedural default". Although not always clearly distinguished, these doctrines are independent of each other, and require separate analysis.

28 U.S.C. § 2254 (b) requires that all state remedies on all

3 - ORDER

claims alleged in a section 2254 petition be "exhausted" before a federal court reviews the claims. Rose v. Lundy, 455 U.S. 509 (1982). The cornerstone of the exhaustion requirement is that there are no available state remedies when the section 2254 petition is filed.

All state remedies are certainly unavailable when the federal claims have been "fairly presented" to the highest court of the state. Picard v. Connor, 404 U.S. 270, 275 (1970); Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir. 1984). A claim is "fairly presented" to a state court when the legal basis of the federal constitutional claim is addressed; detailing only the facts around the claim is insufficient. Picard 404 U.S. at 275; Anderson v. Harless, 459 U.S. 4 (1982). A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-352 (1989) (claim first raised on petition for discretionary view to state Supreme Court).

Citation to state case law may suffice to fairly present a federal issue. See Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003):

> To hold that citation to a state case analyzing a federal constitutional issue is insufficient to alert a state court to the federal nature of a petitioner's claim, when citation of a comparable federal case would be sufficient for that purpose, would be to conclude that the state courts are not genuine partners in the enforcement of federal constitutional law. Such a conclusion is inconsistent with the responsibility and

dignity of the state courts in our federal system:

> Upon the State courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them....

Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884); see also Tafflin v. Levitt, 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) ("[W]e have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); Irvin v. Dowd, 359 U.S. 394, 404, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959) (quoting passage from Robb v. Connolly). We therefore join our sister circuits and hold that, for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue.

Another reason state remedies may be unavailable when a section 2254 petition is filed is that the petitioner has defaulted on a claim in state court. This can be by a failure to comply with a state procedural rule, or by a simple failure to raise the claim. Coleman v. Thompson, 111 S. Ct. 2546, 2557, n.1 (1991); Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991); Harris v. Reed, 489 U.S. 255 (1989). This fulfills the technical requirement of exhaustion as there are no available state remedies, but the petitioner then runs squarely into the obstacle of "procedural default." A procedural default occurs if the petitioner failed to physically exhaust his state remedies by not presenting his claims in state court, and "the court to which petitioner would be required to present his

claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Coleman, 111 S. Ct. at 2557, n.1.

If a petitioner has procedurally defaulted on a claim in state court, the federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present constitutional issues to the highest state court or demonstrates that failure to consider the claims will result in "a fundamental miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho State Board of Corrections, 800 F.2d 905 (9th Cir. 1986); Coleman v. Thompson, 111 S. Ct. 2546 (1991).

For the reasons stated in respondent's brief (#11) at pp. 6-9, the court finds that petitioner has defaulted claims 1(c), 1(d), 1(e), 1(g), 2(a), 2(b), 2(c), 3(a), and 3(b). Petitioner does not argue cause and prejudice for failure to present the issues or argue that a miscarriage of justice will result.

B. Deference and Merits

Petitioner's remaining claims involve allegations of ineffective assistance of trial counsel. The decision of the state court denying relief on these remaining claims is not contrary to or an unreasonable application of prior Supreme Court precedent.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) circumscribes a federal habeas court's review of a state-court

decision. Section 2254 provides in part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The phrase "clearly established" refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000). In other words, "clearly established Federal law" under section 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. See id., at 413.

A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (quoting Williams, 529 U.S. at 405-06).

> [U]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state

7 - ORDER

court identifies the correct governing legal principle
from this Court's decisions but unreasonably applies that
principle to the facts of the prisoner's case." ...The
"unreasonable application" clause requires the state
court decision to be more than incorrect or erroneous.
...The state court's application of clearly established
law must be objectively unreasonable.

Id. at 1174.

It is not enough that a federal habeas court, in its
"independent review of the legal question" is left with
a "'firm conviction'" that the state court was
"'erroneous'" .... We have held precisely the opposite:
"Under § 2254(d)(1)'s 'unreasonable application' clause,
then, a federal habeas court may not issue the writ
simply because that court concludes in its independent
judgment that the relevant state-court decision applied
clearly established federal law erroneously or
incorrectly." .... Rather, that application must be
objectively unreasonable.

Id. at 1174-75.

As noted above, petitioner alleges claims for ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, petitioner must show both that his attorney's performance fell below an objective standard of reasonableness; and that the performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994). For errors that were committed during the guilt phase, "the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." Id. at 695. A "reasonable probability" is less than a preponderance of the evidence. See Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); Strickland, 466 U.S. at 693 ("defendant need not show that

8 - ORDER

counsel's deficient conduct more likely than not altered the outcome in the case.") The question is not whether the defendant would more likely than not have received a different verdict but whether he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. See Kyles, 514 U.S. at 434.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90. The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.

Whether trial counsel is ineffective involves a mixed question of law and fact. See Crandell v. Bunnell, 144 F.3d 1213, 1216 (9th Cir. 1998); Moran v. Godinez, 57 F.3d 690, 699 (9th Cir. 1994).

1. Ground 1(a)

Petitioner contends that trial counsel failed to "interview and subpoena and/or call witnesses on defense of petitioner whose identity was given to said trial counsel and whose testimony would have substantially changed the outcome of the Petitioner's trial."

The state post-conviction court found that petitioner failed

9 - ORDER

to show that any witness not called at trial would have provided testimony likely to change the outcome of the trial. See Ex. 141 (attached to #12) at pp. 4-7. The court noted that the offered testimony would not have been helpful regarding the victim's and petitioner's credibility involving the issue of consent. The record in this case does not demonstrate that the court's determination was unreasonable. See Respondent's memo at pp. 14-15. Petitioner's counsel's performance with respect to the witnesses was not deficient and even if it was, it was not prejudicial.

2. Ground (1)(b)

Petitioner contends that trial counsel inadequately communicated with him prior to trial. The trial court found that counsel contacted petitioner in person on two occasions beyond the three telephone conversations petitioner contends was the full extent of contact. The trial court also noted that an investigator contacted petitioner and concluded that there is no evidence that any further communication would have changed the outcome of the trial. Ex. 141 at p. 5. The record supports the court's findings. See, e.g. Ex. 133, 139. Petitioner has not demonstrated deficient performance or prejudice with respect to this ground for relief.

3. Ground 1(f)

Petitioner contends that his counsel was deficient for failing

10 - ORDER

to call a doctor to show there was no physical evidence of the charges and that the victim was affected by drugs. The trial court noted that the medical records of the victim's exam were admitted, that the records were consistent with the victim's testimony, and that there was no evidence that the doctor's testimony would have changed the outcome of the trial. The trial court further found that the record showed that victim was taking prescription drugs and that there was no evidence that the medications impacted the victim's ability to be aware of and remember the events. See Ex. 1141 at p. 6. The state court's findings were reasonable and there is no evidence of prejudice resulting from the failure to call the doctor.

   4.   Ground 1(h)

Petitioner contends that counsel failed to attack evidence of prior bad acts. The state court correctly found that counsel successfully objected to a threatening act involving a taxi that the petitioner refers to in this ground. See Ex. 141 at p. 7. Counsel successfully moved in limine and successfully objected every time the prosecutor attempted to present the evidence. Counsel even filed a motion for a new trial because the prosecutor continued to attempt to introduce the evidence. The state court correctly found that counsel's performance in this are was not deficient.

## CONCLUSION

For the reasons stated above, petitioner Ricky Sutton's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (#2) is denied and this proceeding is dismissed.

DATED this 23rd day of December, 2005.

*Michael R. Hogan*
United States District Judge